[982 NYS2d 131]

In the Matter of JOHN M. IOANNOU (Admitted as JOHN MICHAEL IOANNOU), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 25, 2014

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in the State of New York by the Second Judicial Department on August 3, 1983, under the name John Michael Ioannou. At all times relevant to this proceeding, he maintained an office for the practice of law within the First Judicial Department.

On November 15, 2007, this Court censured respondent upon finding that he had neglected a personal injury matter, withdrawn his legal fee before the proper division of the fee between himself and his predecessor counsel, and failed to notify his predecessor counsel promptly of his receipt of the settlement funds (47 AD3d 65 [1st Dept 2007]).

In a subsequent proceeding, by order of November 10, 2011, effective December 10, 2011, this Court suspended respondent from the practice of law for a period of three months upon finding that he had failed to file retainer and closing statements in a timely matter, and engaged in conduct adversely reflecting on his fitness as a lawyer in connection with a loan he had solicited and accepted from a former client (89 AD3d 245 [1st Dept 2011]).

During his suspension from the practice of law, respondent was charged with various crimes in four separate indictments filed in Supreme Court, New York County, in 2012 and 2013. On July 19, 2013, respondent entered guilty pleas with respect to three of the indictments.

With respect to the indictment filed in August 2012, respondent pleaded guilty to scheme to defraud in the first degree in violation of Penal Law § 190.65 (1) (b), a class E felony; grand larceny in the second degree in violation of Penal Law § 155.40 (1), a class C felony; and offering a false instrument for filing in the first degree in violation of Penal Law § 175.35, a class E felony. Respondent admitted that between April 2007 and August 2012, he had engaged in an ongoing scheme to defraud by accepting clients into his law practice, negotiating personal injury settlements for them, and having them sign releases authorizing the payment of settlements, after which he then embezzled the settlement funds. Respondent further admitted that he had forged a letter in the name of one of his former clients purporting to withdraw a complaint against him that the client had previously filed with the Disciplinary Committee.

With respect to the indictment filed in October 2012, respondent pleaded guilty to identity theft in the first degree in violation of Penal Law § 190.80 (1), a class D felony, and insurance fraud in the third degree in violation of Penal Law § 176.20, a class D felony, based on his admission that he had assumed the identity of a woman, who was not a client, had used her name and personal identifying information to settle an insurance claim, and then had stolen the proceeds of the settlement that he had fraudulently negotiated.

With respect to the February 2013 indictment, respondent pleaded guilty to grand larceny in the third degree in violation of Penal Law § 155.35 (1), a class D felony, for stealing settlement funds from a client in 2011.

On July 31, 2013, respondent entered a guilty plea under the indictment filed against him in July 2013, admitting that he had committed grand larceny in the second degree and grand larceny in the third degree (three counts) in stealing settlement funds from four clients.

On September 12, 2013, respondent was sentenced to, inter alia, an aggregate prison term of 2⅓ to 7 years based on the charges to which he had pleaded guilty. In addition, according to a September 12, 2013 press release issued by the Office of the New York County District Attorney, respondent signed multiple confessions of judgment, totaling $395,600, in favor of his victims.

The Disciplinary Committee now petitions this Court to strike respondent's name from the roll of attorneys and counselors-at-law in this state. Respondent has not submitted a response to the notice of petition and petition, which were properly served upon him at the correctional facility where he is now incarcerated.

Upon his conviction of felonies under New York law, as defined by Judiciary Law § 90 (4) (e), respondent ceased to be an attorney and counselor-at-law pursuant to Judiciary Law § 90 (4) (a). Pursuant to Judiciary Law § 90 (4) (b), upon the Disciplinary Committee's presentation of a certified or exemplified copy of the judgments of respondent's convictions, we are required to strike his name from the roll of attorneys.

Accordingly, the Disciplinary Committee's petition is granted to the extent of striking respondent's name from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90 (4) (a) and (b), effective nunc pro tunc to July 19, 2013.

FRIEDMAN, J.P., SWEENY, ANDRIAS, MOSKOWITZ and MANZANET-DANIELS, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to July 19, 2013.